1  Christopher M. Burke (State Bar No. 214799)
   SCOTT+SCOTT LLP
2  707 Broadway, Suite 1000
   San Diego, CA 92101
3  Telephone: (619) 233-4565
   Facsimile: (619) 233-0508
4  cburke@scott-scott.com

5  Mark N. Todzo (State Bar No. 168389)
   Victoria Hartanto (State Bar No. 259833)
6  LEXINGTON LAW GROUP
   503 Divisadero Street
7  San Francisco, CA 94117-2212
   Telephone: (415) 913-7800
8  Facsimile: (415) 759-4112
   mtodzo@lexlawgroup.com
9  vhartanto@lexlawgroup.com

10

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  DESIREE STEPHENSON, Individually and on
    Behalf of All Others Similarly Situated,
17
                                  Plaintiff,        CLASS ACTION COMPLAINT
18
         vs.
19
    NEUTROGENA CORPORATION,                         DEMAND FOR JURY TRIAL
20
                                  Defendant.
21

22

23

24

25

26

27

28

1    Plaintiff, Desiree Stephenson ("Plaintiff") alleges the following based upon the
2    investigation by Plaintiff's counsel, which included, among other things, a review of public
3    documents, marketing materials and announcements made by Neutrogena Corporation
4    ("Defendant" or "Neutrogena"). Plaintiff believes that substantial additional evidentiary support
5    exists for the allegations set forth herein and will be available after a reasonable opportunity for
6    discovery.

7                                    **INTRODUCTION**

8         1.    This action seeks to remedy the unfair, deceptive, and unlawful business practices
9    of Neutrogena with respect to the marketing and sales of Neutrogena® Naturals (1) purifying
10   facial cleanser; (2) purifying pore scrub; (3) face and body bar; and (4) fresh cleansing + makeup
11   remover (the "Products"). Defendant manufactures, sells, and distributes the Products using a
12   marketing and advertising campaign that is centered around claims that the Products are natural.
13   However, Defendant's advertising and marketing campaign is false and misleading because the
14   Products contain various artificial and synthetic ingredients such as sodium benzoate, undefined,
15   yet chemically-derived "fragrance," caprylyl glycol, acrylates copolymer, potassium sorbate,
16   benzyl     alcohol,     cocamidopropyl     betaine,     cocamidopropyl     hydroxysultaine,     guar
17   hydroxypropyltrimonium chloride, pentasodium pentetate, tetrasodium etidronate and propylene
18   glycol.

19        2.    Plaintiff relied on Defendant's misrepresentations that the Products were Natural
20   when purchasing the Products. Plaintiff and the Class paid a premium for the Products over
21   comparable products that did not purport to be Natural. By relying on the representations that
22   the Products were Natural, over other similar products that make no claims of being Natural,
23   Plaintiff suffered an injury by purchasing the Products at inflated prices. Plaintiff did not receive
24   the benefit of the bargain, a natural skincare product, when she purchased the Products. Instead,
25   she received a product, in direct contradiction to Defendant's representations, that contained
26   artificial chemical ingredients.

27
28

1      3.      Defendant's conduct of falsely advertising that the Products are natural constitutes

2  unfair, unlawful, and fraudulent conduct, is likely to deceive members of the public, is unethical,

3  oppressive, unscrupulous, and/or substantially injurious to consumers, and violates California's

4  legislatively declared policy against misrepresenting the characteristics of goods and services.

5  As such, Defendant's advertising practices violate California's Consumers Legal Remedies Act,

6  Cal. Civil Code §1750, *et seq.* (hereinafter, the "CLRA"), California's Unfair Competition Law,

7  Cal. Bus. & Prof. Code §17200, *et seq.* (hereinafter, the "UCL"), California's False Advertising

8  Law, Cal. Bus. & Prof. Code §17500, *et seq.* (hereinafter, the "FAL") and breach the express

9  warranties it makes with regard to the Products. Accordingly, pursuant to California Business &

10  Professions Code §17203, Plaintiff seeks an order enjoining Defendant's acts of unfair

11  competition and awarding restitution to the individual victims of Defendant's unfair and

12  deceptive practices. In addition, Plaintiff seeks damages for Defendant's breach of express

13  warranties that the Products are "natural" and an injunction pursuant to the CLRA. Plaintiff

14  intends to seek damages under the CLRA in a future amendment to this complaint.

15                                **JURISDICTION AND VENUE**

16      4.      This Court has original jurisdiction over the claims asserted herein individually

17  and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the

18  Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in

19  controversy in this class action exceeds five million dollars, exclusive of interest and costs; and

20  (2) a substantial number of the members of the proposed class are citizens of a state different

21  from that of Defendant. Personal jurisdiction is proper as Defendant is domiciled in California

22  and has purposefully availed itself of the privilege of conducting business activities within the

23  State of California.

24      5.      Venue is proper pursuant to 28 U.S.C. §1391(a) because Defendant is a resident

25  of this District pursuant to 28 U.S.C. §1391(c), and a substantial part of the events or omissions

26  giving rise to the claim occurred in this District.

27

28

1    6.    California law applies to all claims set forth in this Complaint as Defendant
2  Neutrogena is a California resident, Defendant's principal offices are located in California, a
3  substantial part of the advertising and marketing giving rise to the claims herein occurred in
4  California, and all of the misconduct alleged was contrived, implemented and has shared a nexus
5  within California.

6    7.    **Intradistrict Assignment (L.R. 3-2(b))**:  This action arises in San Francisco
7  County, in that a substantial part of the events which give rise to the claims asserted herein
8  occurred in San Francisco County.

9                              **PARTIES**

10    8.    Plaintiff is a citizen of California and an individual consumer.  Plaintiff purchased
11  the Neutrogena Naturals Purifying Facial Cleanser on or about October 2011, at a CVS in Los
12  Angeles, California 90049, believing it was "Natural."  Plaintiff paid a premium for this product
13  over alternatives that were not "Natural," and thus Plaintiff did not receive the benefit of the
14  bargain in such transaction.

15    9.    Defendant Neutrogena Corporation ("Neutrogena") is a Delaware Corporation
16  headquartered at 5760 W. 96th Street, Los Angeles, California 90045.  Defendant distributes,
17  markets and sells the Products throughout the United States.  Defendant's conduct giving rise to
18  the claims set forth herein, including the manufacturing, labeling, and advertising of the Products
19  takes place in California.

20                         **ALLEGATIONS OF FACT**

21    10.    Neutrogena® Naturals is a line of skincare products manufactured by Neutrogena
22  Corporation.  The line of products includes a purifying facial cleanser, fresh cleansing + makeup
23  remover, purifying pore scrub, face and body bar, and lip balm.  Unbeknownst to Plaintiff, the
24  purifying facial cleanser, purifying pore scrub, face and body bar and fresh cleansing + makeup
25  remover each contain unnatural, synthetic ingredients and/or preservatives.  The lip balm is the
26  only Neutrogena® Naturals product that is made from wholly natural ingredients.

27
28

1      11.    Plaintiff and the Class paid a premium for the Products over comparable
2  Neutrogena® brand unnatural products believing that the Products were Natural.

3      12.    The Neutrogena® Naturals line launched in early 2011.

4      13.    Neutrogena® Naturals' website states, "Neutrogena Naturals.    Pure, natural
5  skincare.   Real Results."  Defendant marketed and advertised the Products as Natural, when in
6  fact, the Products are not Natural and contain unnatural and synthetic ingredients and/or
7  preservatives.

8      14.    The principal display panel ("PDP") for each Product prominently displays the
9  word "Naturals" without any qualification.  Nevertheless, the information panel on the back of
10  the Products includes an ingredient list that concedes that certain of the ingredients are not
11  naturally derived, even by Defendant's own standards.  These chemical ingredients, described in
12  detail below, are not the type of ingredients a reasonable consumer would expect to be in a
13  natural cosmetic product.   A careful search of Defendant's website reveals that Defendant
14  purports to include the non-natural ingredients because they "are essential to blend the product
15  together and maintain effectiveness."   However, the use of chemically derived, synthetic
16  "fragrances" cannot possibly be necessary to blend the product or maintain its effectiveness.

17      15.    Moreover, many of the ingredients that Defendant claims are "natural" are
18  actually synthetically derived through chemical processes, including processes that involve the
19  use of petrochemicals.   Thus, Defendant not only misleads consumers regarding the overall
20  nature of the Products, but it falsely touts the virtues of the individual ingredients in such
21  Products.

22      16.    In addition, the Products all include a statement on the PDP stating: "NO harsh
23  chemical sulfates, parabens, *petrochemicals*, dyes, phthalates."    (Emphasis added).    This
24  statement implies that the Products contain only natural ingredients.   Moreover, given that
25  Defendant's Products include ingredients synthesized using petrochemicals, the statement on the
26  PDP is also false and misleading.

27
28

## THE UNNATURAL INGREDIENTS

17.    Contrary to Defendant's representations, Neutrogena® Naturals purifying facial cleanser and purifying pore scrub contain the following ingredients that Defendant concedes are not natural and are, in fact, synthetic:

   a.    ***Sodium Benzoate***.  Sodium Benzoate is the sodium salt of benzoic acid, widely used as a preservative to prevent bacterial and fungal growth.  According to federal regulation, Sodium Benzoate "is not found to occur naturally." 21 C.F.R. §184.1733.  Indeed, the FDA recently stated that the use of sodium benzoate in a product labeled as natural, renders the use of the term "natural" false and misleading.[1]

   b.    ***Fragrance***.  Despite the fact that there are many fragrances that are completely natural, Defendant includes undefined, synthetic fragrances in the Products.

18.    Also contrary to Defendant's representations, Neutrogena® Naturals purifying facial cleanser and purifying pore scrub contain the following ingredients that Defendant represents as natural, but are, in fact, synthetic and chemically derived:

   a.    ***Cocamidopropyl Betaine***.  A synthetic surfactant formed through the synthesis of petrochemicals such as dimethylaminopropylamine with coconut oil.  Products that use cocamidopropyl betaine are typically contaminated with petrochemicals due to the use of the petrochemicals in the derivation of cocamidopropyl betaine.

   b.    ***Cocamidopropyl Hydroxysultaine***.  As with cocamidopropyl betaine, this chemical compound is synthesized using petrochemicals.  It is a foam booster, viscosity builder, and an antistatic agent.  It is a cheap and very effective foaming agent.

   c.    ***Glycerine***.  Glycerine (a/k/a Glycerin or Glycerol) is a synthetic alcohol that rarely exists in its free form in nature.  It is commonly used in cosmetics as a humectant to add moisturizing properties.  Glycerine is commonly manufactured for commercial use through the hydrolysis of fats and oils during the manufacturing of soap

---

[1]    See March 11, 2011 FDA Warning Letter to Shemshad Food Products, Inc., at http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2011/ucm247908.htm.

products or synthesized from the hydrogenolysis of carbohydrates or from petrochemicals. Glycerine could, alternatively, be produced through a fermentation process using yeast; however, due to the resulting low yields and presence of byproducts formed through the fermentation process, commercial manufacturers use the synthetic processes above to produce glycerine rather than the more natural fermentation method. Commercial glycerine that is manufactured by either of the two commonly used methods is a recognized synthetic product pursuant to federal regulations. 21 C.F.R. §172.566; 7 C.F.R. §205.605(b), 7 C.F.R. §205.603; 21 C.F.R. §178.3500. It is believed, and therefore averred, that the Glycerine in Defendant's Products is synthesized using one or both of the two commonly used manufacturing methods – hydrolysis of fats and oils or hydrogenolysis of carbohydrates or propylene – and not derived naturally.

        d.     *Guar hydroxypropyltrimonium chloride*. A synthetic ingredient derived as a quarternary ammonium compound of guar gum.

        19.     Furthermore, Neutrogena® Naturals face and body bar contains the following ingredients that Defendant concedes are not natural and are, in fact, synthetic:

        a.     *Glycerine*. *See* Paragraph 18(c).

        b.     *Pentasodium Pentetate*. A chelating agent used to bind and sequester metal ions.

        c.     *Propylene Glycol*. Known as 1,2-propanedioli, is a petroleum derivative that "does not occur in nature." 21 C.F.R. §184.1566. It is manufactured by treating propylene with chlorinated water to form the chlorohydrin which is converted to the glycerol by treatment with sodium carbonate solution, or by heating glyercol with sodium hydroxide. It is used commercially for many purposes, such as antifreeze, as an oil dispersant, as a lubricant, and to de-ice aircrafts. This chemical has been associated with contact dermatitis.

        d.     *Tetrasodium Etidronate*. A chelating agent derived from diphosphonic acid.

1      20.    Additionally, Neutrogena® Naturals fresh cleansing + makeup remover contains

2 the following unnatural and synthetic ingredients:

3      a.    ***Acrylates Copolymer***.  A chemical compound composed of acrylic acid

4 and methacrylic acid used as a nonsurfactant and adhesive.

5      b.    ***Benzyl Alcohol***.  A chemical used as a solvent and preservative.

6      c.    ***Caprylyl Glycol***.  A chemical compound used as a skin conditioning agent.

7      d.    ***Cocamidopropyl Betaine***. *See* Paragraph 18(a).

8      e.    ***Cocamidopropyl Hydroxysultaine***. *See* Paragraph 18(b).

9      f.    ***Coco-Glucoside***.  A synthetic surfactant produced by the chemical

10 reaction between glucose and coconut oil derivatives.

11      g.    ***Glycerine***. *See* Paragraph 18(c).

12      h.    ***Glycol Distearate***.  A chemical that may be synthetically derived from

13 stearic acid.

14      i.    ***Potassium Sorbate***. A chemical preservative.[2] On July 22, 2011 the FDA

15 issued a warning letter to a bagel manufacturer that claimed its bagels were "All Natural"

16 cautioning that because the manufacturer's bagels contain potassium sorbate, the

17 company may not claim the product is "Natural."[3]

18      j.    ***Sodium Lauroyl Sarcosinate***. A synthetic skin conditioning agent.[4]

19      **DEFENDANT'S MISLEADING PACKAGING**

20      21.    Since early 2011, Neutrogena has made certain representations in its labeling,

21 marketing, and advertising that are false and misleading.  Specifically, Defendant's packaging

22 claims that the Products are natural when they are not.  Thus, the Products' packaging misleads

23 the consumer to believe that the Products are natural, when, in fact, the Products contain

24 unnatural chemical ingredients.

25 ───────────────

[2]     21 C.F.R. §182.3640.

26 [3]     http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm265756.htm.

27 [4]     http://www.ewg.org/skindeep/ingredient.php?ingred06=706102.

28



22. The Products' labeling and packaging is false and misleading because it includes the word "natural" as part of the product name, thus representing that the product as a whole is natural. Further, the round emblem on each of the products states, "NO harsh chemical sulfates, parabens, petrochemicals, dyes, phthalates." This statement, coupled with the Products' "naturals" name, leads the consumer to falsely believe that the product is free of unnatural ingredients when, in fact, it contains unnatural and synthetic ingredients. Moreover, given that the Products contain petrochemical residues, the representation on the product labels that the Products do not contain petrochemicals is false. Plaintiff relied on these claims in making her purchase on or about October 2011.

23. The Products highlight the benefits of natural "bionutrient" ingredients therein in the green box on each package, which further reiterates to the consumer that the Products are comprised of natural ingredients:

a. *Purifying facial cleanser.* "Willowbark bionutrient rich cleanser detoxifies pores."

1          b.     **Purifying Pore Scrub**.  "Willowbark bionutrient & Jojoba bead scrub

2  detoxifies pores."

3          c.     **Face & body bar**.  "Avocado and Olive Oil bionutrient rich bar gently

4  cleanses & conditions skin."

5          d.     **Fresh cleansing + makeup remover**.  "Peruvian Tara Seed bionutrient

6  rich cleanser softens & refreshes."

7     24.     Plaintiff and the Class reasonably understood the Products' packaging to mean

8  that the Products were "natural."

9                   **DEFENDANT'S MISLEADING WEBSITE**

10     25.     Neutrogena has a separate website for the Neutrogena® Naturals Product line,

11  http://naturals.neutrogena.com.[5]  This website leads the consumer to falsely believe that the

12  Neutrogena® Naturals product line is Natural, when in fact the Products contain unnatural

13  chemicals.  This website is accessible throughout the United States.

14     26.     The Neutrogena® Naturals website home page shows the banner below:

15

16             Introducing Neutrogena® Naturals

17             Pure, natural skincare. Real results.

18  http://naturals.neutrogena.com.  The website further touts that the Products contain, "NO harsh

19  chemical sulfates, parabens, petrochemicals, dyes, phthalates," but omits that the Products

20  contain chemicals that render the Products unnatural.

21     27.     The "What's Inside" page of the website[6] further misleads the consumer to

22  believe that the Product is Natural, touting the phrase, "Naturals That Work" and highlighting

23  that artificial chemicals are not contained in the Products.

24

25

26  ―――――――――

    [5]    Last accessed January 20, 2012.

27  [6]    http://naturals.neutrogena.com/whats-inside.

28

COMPLAINT – STEPHENSON v. NEUTROGENA CORPORATION





Naturals That Work

Every Neutrogena® Naturals product is made with the same standards of efficacy and excellence as every Neutrogena product you know and trust.
Learn More »



Bionutrients

Found in nature (and in your own skin), bionutrients promote health and resilience. They are the foundation of healthy skin, and the root of our approach to creating Neutrogena® Naturals.
Learn More »

NEW
Neutrogena naturals

purifying facial cleanser

Walking The World

We've examined thousands of plants from around the world, filtering thousands of years of natural skincare practices through the lens of bionutrient technology.
Learn More »

 

28.    "The New Natural" [7] page of the website similarly misleads the consumer, stating,

# The New Natural

In the past, other natural products have not always delivered the results that you wanted.   By merging the clinically proven expertise of Neutrogena with the best of what nature has to offer, we're able to bring you the best of both worlds – *natural skincare* that really works.  We've always been committed to creating products that work, and now we're bringing that commitment to natural skincare.

The result?  Safe, *pure* products that meet our standards for healthier, more beautiful-looking skin.

# Pure, Safe and Effective

We've made choices about what goes into Neutrogena® Naturals products, and what gets left out.  We developed the Naturals line to ensure that you get the results that you want by adhering to our own standards of excellence and using *pure*, safe ingredients that are *naturally derived*.

---

[7]    http://naturals.neutrogena.com/new-natural.

[Emphasis added].

29.     In fact, the Products are not "pure," "natural" or "naturally derived," but contain synthetic and unnatural ingredients such as sodium benzoate, pentasodium pentetate, tetrasodium etidronate and propylene glycol.

## DAMAGES TO PLAINTIFF AND THE CLASS

30.     Plaintiff purchased the Products based on Defendant's labeling, marketing, and advertising that the Products were Natural.

31.     In fact, Plaintiff and the Class paid a premium to purchase Neutrogena® Naturals Products over comparable Neutrogena products that do not purport to be Natural.

32.     As set forth in the chart below, the Products cost more than comparable Neutrogena® brand products that do not purport to be Natural.

| *Facial Cleanser* | Price | Price per ounce |
|---|---|---|
| Neutrogena® Naturals purifying facial cleanser | 6 oz $7.49 | $1.25 |
| "Liquid Neutrogena" cleanser | 8 oz $7.49 | $0.94 |
| | *Premium paid per oz* | *$0.31* |
| | ***Premium Paid per 6 oz product*** | **$1.86** |

| *Facial Scrub* | Price | Price per ounce |
|---|---|---|
| Neutrogena® Naturals purifying pore scrub | 4 oz $7.49 | $1.87 |
| Neutrogena "Deep Clean" Scrub | 4.2 oz $5.99 | $1.43 |
| | *Premium paid per oz* | *$0.44* |
| | ***Premium paid per 4 oz product*** | ***$1.76*** |

| *Bar Soap* | Price | Price per ounce |
|---|---|---|
| Neutrogena® Naturals Face and Body Bar | 3.5 oz. $3.99 | $1.14 |
| Neutrogena Facial Cleansing Bar | 3.5 oz $2.49 | $0.71 |
| | *Premium paid per oz* | *$0.43* |
| | ***Premium paid per 3.5 oz product*** | ***$1.50*** |

| Makeup Remover | Price | Price per ounce |
|---|---|---|
| Neutrogena® Naturals Fresh Cleansing and Makeup Remover | 6 oz. $7.49 | $1.25 |
| Neutrogena Fresh Foaming Cleanser and Makeup Remover | 6.7 oz $6.49 | $0.97 |
| | *Premium paid per oz* | *$0.28* |
| | *Premium paid per 6 oz* | *$1.68* |

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the class (the "Class") defined as follows:

> All persons who purchased Neutrogena® Naturals (1) purifying facial cleanser, (2) purifying pore scrub, (3) face and body bar and/or (4) fresh cleansing and makeup remover in the United States from the release of the product line into the present.    Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

34.     The Class is sufficiently numerous, as it includes thousands of persons who have purchased the Products.  Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1).  The question is one of a general or common interest of many persons and it is impractical to bring them all before the Court.   The disposition of the claims of the members of the Class in this class action will substantially benefit both the parties and the Court.   The members of the Class are readily ascertainable from Defendant's records and other appropriate discovery.

35.     There are questions of law and fact common to the Class for purposes of Rule 23(a)(2), including whether Defendant's labels, advertisements and packaging include uniform misrepresentations that misled Plaintiff and the other members of the Class to believe the Products were Natural.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

1    36.    Plaintiff asserts claims that are typical of the claims of the entire Class for

2    purposes of Rule 23(a)(3).  Plaintiff and all members of the Class have been subjected to the

3    same wrongful conduct because they have purchased Neutrogena® Naturals Products that are

4    not Natural as represented.  Plaintiff paid a premium for the Products, on the belief they were

5    Natural, over similar alternatives that did not make such representations.  Plaintiff and the Class

6    have thus all overpaid for the Products.

7    37.    Plaintiff will fairly and adequately represent and protect the interests of the other

8    members of the Class for purposes of Rule 23(a)(4).  Plaintiff has no interests antagonistic to

9    those of other members of the Class.  Plaintiff is committed to the vigorous prosecution of this

10   action and has retained counsel experienced in litigation of this nature to represent her.  Plaintiff

11   anticipates no difficulty in the management of this litigation as a class action.

12   38.    Class certification is appropriate under Rule 23(b)(2) because Defendant has acted

13   on grounds that apply generally to the Class, so that final injunctive relief or corresponding

14   declaratory relief, is appropriate respecting the Class as a whole.  Defendant utilizes advertising

15   campaigns that include uniform misrepresentations that misled Plaintiff and the other members

16   of the Class.

17   39.    Class certification is appropriate under Rule 23(b)(3) because common questions

18   of law and fact substantially predominate over any questions that may affect only individual

19   members of the Class.  Among these common questions of law and fact are:

20       a.    whether the product is Natural;

21       b.    whether Defendant's marketing and advertising is likely to deceive the

22   Class;

23       c.    whether Defendant's conduct is unethical, oppressive, unscrupulous,

24   and/or substantially injurious to consumers;

25       d.    whether Defendant's conduct in advertising and marketing the Products

26   constitutes a violation of the FAL;

27

28

1         e.     whether Defendant's conduct constitutes fraudulent, unfair, or unlawful

2    conduct as defined by the UCL;

3         f.     whether Plaintiff and Class members are entitled to injunctive and other

4    equitable relief;

5         g.     whether Defendant's representations concerning the Products constitute

6    express warranties pursuant to California Civil Code §2313; and

7         h.     whether Defendant breached the express warranties it has made with

8    regard to the Products.

9         40.     Proceeding as a class action provides substantial benefits to both the parties and

10   the Court because this is the most efficient method for the fair and efficient adjudication of the

11   controversy.  Class members have suffered and will suffer irreparable harm and damages as a

12   result of Defendant's wrongful conduct.  Because of the nature of the individual Class members'

13   claims, few, if any, could or would otherwise afford to seek legal redress against Defendant for

14   the wrongs complained of herein, and a representative class action is therefore the appropriate,

15   superior method of proceeding, and essential to the interests of justice insofar as the resolution of

16   Class members' claims is concerned.  Absent a representative class action, members of the Class

17   would continue to suffer losses for which they would have no remedy, and Defendant would

18   unjustly retain the proceeds of their ill-gotten gains.  Even if separate actions could be brought

19   by individual members of the Class, the resulting multiplicity of lawsuits would cause undue

20   hardship, burden, and expense for the Court and the litigants, as well as create a risk of

21   inconsistent rulings, which might be dispositive of the interests of the other members of the Class

22   who are not parties to the adjudications and/or may substantially impede their ability to protect

23   their interests.

24   **FIRST CAUSE OF ACTION**
     **(Plaintiff, on Behalf of Herself, the Class and the General Public,**

25   **Alleges Violations of California Business & Professions Code §17200, *et seq.***
     **Based on Fraudulent Acts and Practices)**

26

27        41.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 40

     of this Complaint.

28

1      42.     Under Business & Professions Code §17200, any business act or practice that is

2 likely to deceive members of the public constitutes a fraudulent business act or practice.

3      43.     Defendant has engaged, and continues to engage, in conduct that is likely to

4 deceive members of the public. This conduct includes, but is not limited to, misrepresenting that

5 the Products are Natural.

6      44.     After reviewing the packaging for the Products and Defendant's other advertising,

7 Plaintiff purchased the Products in reliance on Defendant's representations that the Products

8 were Natural. Plaintiff would not have purchased the Products at all, or would not have paid

9 such a high price for the Products, but for Defendant's false promotion of the Products' Natural

10 nature. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of

11 Defendant's misrepresentations and material omissions.

12      45.     By committing the acts alleged above, Defendant has engaged in fraudulent

13 business acts and practices, which constitute unfair competition within the meaning of Business

14 & Professions Code §17200.

15      46.     An action for injunctive relief and restitution is specifically authorized under

16 Business & Professions Code §17203.

17      47.     Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

18
### SECOND CAUSE OF ACTION
**(Plaintiff, on Behalf of Herself, the Class and the General Public,**
19 **Alleges Violations of California Business & Professions Code §17200, *et seq.***
**Based on Commission of Unlawful Acts)**
20

21      48.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 47

of this Complaint.
22

23      49.     The violation of any law constitutes an unlawful business practice under Business

& Professions Code §17200.
24

25      50.     Defendant's conduct violates Section 5 of the Federal Trade Commission ("FTC")

26 Act, 15 U.S.C. §45, which prohibits unfair methods of competition and unfair or deceptive acts

27 or practices in or affecting commerce. By misrepresenting that the Products are Natural, when,

28 in fact, they contains unnatural ingredients, including, sodium benzoate, caprylyl glycol,

-15-

1  acrylates copolymer, potassium sorbate, benzyl alcohol, pentasodium pentetate, tetrasodium

2  etidronate and propylene glycol, Defendant is violating Section 5 of the FTC Act.

3       51.    The FTC has also determined that the FTC Act requires companies to "have a

4  reasonable basis for advertising claims before they are disseminated." *See* FTC Policy Statement

5  Regarding Advertising Substantiation, appended to *In the Matter of Thompson Medical Co.*, 104

6  F.T.C. 648, 839 (1984), *aff'd*, 791 F.2d 189 (D.C. Cir. 1986). The FTC has further determined

7  that "a firm's failure to possess and rely upon a reasonable basis for objective claims constitutes

8  an unfair and deceptive act or practice in violation of Section 5 of the Federal Trade Commission

9  Act," and that "as a matter of law, firms lacking a reasonable basis before an ad is disseminated

10 violate Section 5 of the FTC Act and are subject to prosecution." *Id.* By advertising that the

11 Products are Natural, when in fact they contain unnatural chemicals, Defendant is without any

12 reasonable basis for making these false advertising claims and is violating Section 5 of the FTC

13 Act.

14      52.    Defendant's conduct also violates California Health & Safety Code §111730,

15 which prohibits the sale of any misbranded cosmetic product. The Products, which contain

16 labeling that falsely state that the Products are natural, are "false and misleading in any

17 particular" in violation of Health & Safety Code §111730.

18      53.    Defendant's conduct also violates California Business & Professions Code

19 §17580.5, which makes it unlawful for any person to make any untruthful, deceptive, or

20 misleading environmental marketing claim. By misrepresenting that the Products are Natural,

21 Defendant is violating Business & Professions Code §17580.5.

22      54.    By violating the FTC Act, Health and Safety Code §111730 and Business &

23 Professions Code §17508.5, Defendant has engaged in unlawful business acts and practices

24 which constitute unfair competition within the meaning of Business & Professions Code §17200.

25      55.    An action for injunctive relief and restitution is specifically authorized under

26 Business & Professions Code §17203.

27

28

56. Plaintiff purchased the Products in reliance on Defendant's representations that the Products were Natural. Plaintiff would not have purchased the Products at all, purchased a less expensive product, or would not have paid such a high price for the Products, but for Defendant's false promotion that the Products are Natural. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

57. Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

**THIRD CAUSE OF ACTION**
**(Plaintiff, on Behalf of Herself, the Class, and the General Public,**
**Alleges Violations of California Business & Professions Code §17200, *et seq.***
**Based on Unfair Acts and Practices)**

58. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 57 of this Complaint.

59. Under Business & Professions Code §17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

60. Defendant has engaged, and continues to engage, in conduct which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. This conduct includes representing that the Products are Natural and contain "no preservatives" when, in fact, the Products contain unnatural chemicals.

61. Defendant has engaged, and continue to engage, in conduct that violates the legislatively declared policies of: (1) the FTC Act against committing unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce; (2) Business & Professions Code §17508 against making false or misleading factual claims in advertising; and (3) Business & Professions Code §17580.5 against making false or misleading environmental marketing claims. Defendant gains an unfair advantage over its competitors, whose advertising for Products must comply with the FTC Act and Business & Professions Code §§17508 and 17580.5.

1    62.   Defendant's conduct, including misrepresenting the benefits of the Products, is

2    substantially injurious to consumers.   Such conduct has, and continues to cause, substantial

3    injury to consumers because consumers would not have purchased the Products at all, or would

4    not have paid such a high price for the Products, but for Defendant's false promotion of the

5    Products' illusory benefits.   Consumers have thus overpaid for the Products.   Such injury is not

6    outweighed by any countervailing benefits to consumers or competition.   Indeed, no benefit to

7    consumers or competition results from Defendant's conduct.   Since consumers reasonably rely

8    on Defendant's representations of the Products and injury results from ordinary use of the

9    Products, consumers could not have reasonably avoided such injury.   *Davis v. Ford Motor Credit*

10   *Co.*, 179 Cal. App. 4th 581, 597-98 (2009); *see also Drum v. San Fernando Valley Bar Ass'n,*

11   182 Cal. App. 4th 247, 257 (2010) (outlining the third test based on the definition of "unfair" in

12   Section 5 of the FTC Act).

13   63.   By committing the acts alleged above, Defendant has engaged in unfair business

14   acts and practices which constitute unfair competition within the meaning of Business &

15   Professions Code §17200.

16   64.   An action for injunctive relief and restitution is specifically authorized under

17   Business & Professions Code §17203.

18   65.   Plaintiff purchased the Products in reliance on Defendant's representations that

19   the Products were Natural.

20   66.   Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

21                                   **FOURTH CAUSE OF ACTION**
                         **(Plaintiff, on Behalf of Herself, the Class, and the General Public,**
22   **Alleges Violations of California Business & Professions Code §17500, *et seq.***
                                    **Based on False Advertising)**
23
     67.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 66

24   of this Complaint.

25   68.   Class members have suffered injury in fact and have lost money or property as a

26   result of Defendant's actions as set forth above.

27

28

1    69.    Defendant engaged in advertising and marketing to the public and offered for sale

2  Neutrogena® Naturals products on a nationwide basis, including in California.

3    70.    From approximately January 2011 to the present, Defendant engaged in a false

4  advertising campaign falsely touting the Neutrogena® Naturals products were Natural, when in

5  fact, they contain unnatural chemicals. Defendant conveyed the false and misleading claims to

6  Plaintiff and other consumers through the labeling for the Products as well as the marketing and

7  advertising for the Products. Defendant further promotes the Products with representations on

8  the Product labels and advertisements that the Products do not contain petrochemicals, when, in

9  fact, they do.

10    71.    Defendant engaged in the marketing and advertising alleged herein with intent to

11  directly or indirectly induce the sale of the Products to consumers such as the Plaintiff and the

12  Class.

13    72.    Defendant's advertisements and marketing representations regarding the

14  characteristics of the Products were false, misleading, and deceptive as set forth above.

15    73.    At the time Defendant made the disseminated the statements alleged herein,

16  Defendant knew, or should have known, that the statements were untrue or misleading, and acted

17  in violation of Cal. Bus. & Prof. Code §17500 *et seq.*

18    74.    Plaintiff seeks restitution, injunctive relief, a corrective advertising campaign and

19  all other relief allowable under Cal. Bus. & Prof. Code §17500 *et seq.*

20                    **FIFTH CAUSE OF ACTION**
                **(Plaintiff Alleges Violations of the CLRA – Injunctive Relief)**
21
       75.    Plaintiff realleges and incorporates by reference as if specifically set forth herein
22
    Paragraphs 1 through 74, inclusive.
23
       76.    Plaintiff purchased the Neutrogena Naturals Purifying Facial Cleanser Product for
24
    her own personal use.
25
       77.    The acts and practices of Defendant as described above were intended to deceive
26
    Plaintiff and members of the Class as described herein, and have resulted, and will result, in
27

28
                                    -19-
          COMPLAINT – STEPHENSON v. NEUTROGENA CORPORATION

damages to Plaintiff and members of the Class.  These actions violated and continue to violate the CLRA in at least the following respects:

        a.      In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

        b.      In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular quality which they are not; and

        c.      In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

78.    By reason of the foregoing, Plaintiff and the Class members have suffered damages.

79.    By committing the acts alleged above, Defendant has violated the CLRA.

80.    In compliance with the provisions of California Civil Code §1782, Plaintiff is providing written notice to Defendant concurrently with the filing of this Complaint regarding her intention to amend the Complaint to seek damages under California Civil Code §1750, *et seq.*, unless Defendant offers appropriate consideration or other remedy to all affected consumers.  Plaintiff intends to amend this Complaint to seek damages pursuant to California Civil Code §1781(a) should Defendant fail to adequately and fully compensate Plaintiff and the Class.

81.    Plaintiff and members of the Class are entitled to, pursuant to California Civil Code §1780(1)(2), an order enjoining the above-described wrongful acts and practices of Defendant, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code §1780.

82.    Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

**SIXTH CAUSE OF ACTION**
(Plaintiff, On Behalf of Herself and the Class, Alleges Violations of
California Commercial Code §2313 Based on Breach of Express Warranty)

83.     Plaintiff realleges and incorporates by reference as if specifically set forth herein Paragraphs 1 through 82, inclusive.

84.     Defendant's representations that the Products are Natural constitute affirmations of fact made with regard to the Products as well as descriptions of the Products.

85.     Defendant's representations that the Products are Natural and contain no petrochemicals are made on the Products' labels, Defendant's website promoting the Products, advertising for the Products and Product promotions, and are thus part of the basis of the bargain between Defendant and purchasers of the Products.

86.     As set forth in the paragraphs above, Defendant's statements concerning the Products are false.

87.     Defendant has thus breached its express warranties concerning the Products in violation of California Commercial Code §2313.

88.     Plaintiff and members of the Class have suffered damages as a result of Defendant's breach in that they paid for a Product with qualities and benefits which they failed to receive.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A.     that the Court declare this a class action;

B.     that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.     that the Court order Defendant to conduct a corrective advertising and information campaign advising consumers that the Products do not have the characteristics, uses, benefits, and quality Defendant has claimed;

1    D.    that the Court order Defendant to implement whatever measures are necessary to

2  remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading

3  advertising, and other violations of law described in this Complaint;

4    E.    that the Court order Defendant to notify each and every individual and/or business

5  who purchased the Products of the pendency of the claims in this action in order to give such

6  individuals and businesses an opportunity to obtain restitution from Defendant;

7    F.    that the Court order Defendant to pay restitution to restore to all affected persons

8  all funds acquired by means of any act or practice declared by this Court to be an unlawful,

9  unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus pre- and

10  post-judgment interest thereon;

11    G.    that the Court order Defendant to disgorge all monies wrongfully obtained and all

12  revenues and profits derived by Defendant as a result of its acts or practices as alleged in this

13  Complaint;

14    H.    that the Court award damages to Plaintiff and the Class to compensate them for

15  Defendant's breach of the express warranties created with regard to the Products;

16    I.    that the Court grant Plaintiff her reasonable attorneys' fees and costs of suit

17  pursuant to Code of Civil Procedure §1021.5, Civil Code §1780(d), the common fund doctrine

18  and/or any other appropriate legal theory; and

19    J.    that the Court grant such other and further relief as may be just and proper.

20                                    **JURY DEMAND**

21        Plaintiff demands a trial by jury on all causes of action so triable.

22  DATED: January 26, 2012                    LEXINGTON LAW GROUP

23

24                                    _____
                                      Mark N. Todzo (State Bar No. 168389)
25                                    Victoria Hartanto (State Bar No. 259833)
                                      LEXINGTON LAW GROUP
                                      503 Divisadero Street
26                                    San Francisco, CA 94117-2212
                                      Telephone: (415) 913-7800
27                                    Facsimile: (415) 759-4112
                                      mtodzo@lexlawgroup.com
28

COMPLAINT – STEPHENSON v. NEUTROGENA CORPORATION

1  Christopher M. Burke (State Bar No. 214799)
   SCOTT+SCOTT LLP
2  707 Broadway, Suite 1000
   San Diego, CA 92101
3  Telephone: (619) 233-4565
   Facsimile: (619) 233-0508
4  cburke@scott-scott.com

5  Joseph P. Guglielmo (*pro hac vice forthcoming*)
   SCOTT+SCOTT LLP
6  500 Fifth Avenue, 40th Floor
   New York, NY 10110
7  Telephone: (212) 223-6444
   Facsimile: (212) 223-6334
8
   Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT – STEPHENSON v. NEUTROGENA CORPORATION